UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOE HAND PROMOTIONS, INC.                    CIVIL ACTION

VERSUS                                       NUMBER: 16-16828

TELAMAR RESTAURANT, LLC                      SECTION: "S"(5)
d/b/a TELAMAR RESTAURANTE, ET AL.

# REPORT AND RECOMMENDATION

Pursuant to a referral from the presiding District Judge (rec. doc. 17), presently before the Court is the request for attorneys' fees and costs of the Plaintiff herein, Joe Hand Promotions, Inc. (Rec. doc. 18). Despite being given an opportunity to do so (rec. doc. 19), Defendants have filed nothing in response to Plaintiff's request. For the reasons that follow, it is recommended that Plaintiff's request be granted.

On December 4, 2016, Plaintiff filed the above-captioned complaint for damages following the Defendants' unlawful interception and broadcasting of a closed circuit, pay-per-view boxing match on November 21, 2015. (Rec. doc. 1). After the Defendants were served with a copy of Plaintiff's complaint (rec. docs. 4, 5) and failed to file an answer within the delays allowed by law, Plaintiff moved for and obtained the entry of a default against them. (Rec. docs. 6, 7). In due course, Plaintiff filed a motion for a default judgment (rec. docs. 9, 13) and an evidentiary hearing was held on July 19, 2017 at which no appearance was made by the Defendants. (Rec. doc. 14). On July 27, 2017, the District Judge granted Plaintiff's motion for default judgment and awarded it $5,000.00 in statutory damages and $20,000.00 in enhanced damages plus interest, costs, and attorneys' fees under 47 U.S.C. §605. (Rec. doc. 15). Plaintiff ultimately filed the request that is presently before the Court

on August 16, 2017. (Rec. doc. 18). As noted above, despite being given an opportunity to do so (rec. doc. 19), no response or memorandum in opposition to Plaintiff's request has been forthcoming from the Defendants.

The starting point for making a determination of an appropriate amount of attorney's fees is the lodestar calculation, which is arrived at by multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 (1983). That calculation is presumed to yield a reasonable fee but a court can make upward or downward adjustments to that figure based on the twelve factors set forth in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Nevertheless, the lodestar amount should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992).

As reflected by the declaration that is attached to Plaintiff's request, its attorney expended 9.0 hours of time in litigating this matter and in obtaining the default judgment against the Defendants. (Rec. doc. 18-1, p. 2). The hourly rate being sought is $250.00 per hour for an attorney with over 12 years experience in the practice of law. (*Id.*). Plaintiff also seeks 3.3 hours of paralegal time at a rate of $100.00 per hour for a paralegal with over three years of experience. (*Id.*).[1/] Plaintiff additionally seeks filing and service fees totaling $520.00. (*Id.*).

The Court having recently had occasion to survey appropriate hourly rates in this market, the hourly rates sought by Plaintiff's counsel and her paralegal in this case fall within the range of rates that is reasonable. (*See*, rec. doc. 146, pp. 9-17 in No. 10-CV-2717). *See*

---

[1/] According to the Court's calculations, the paralegal time that was devoted to this matter actually totals 5.5 hours. (Rec. doc. 18-1, p. 2). As compensation for only 3.3 hours of time is sought the Court surmises that the other 2.2 hours of paralegal time was written off.

*also DirecTV, LLC v. Ertem*, No. 13-CV-0487, 2015 WL 459398 at *3 (E.D. La. Feb. 3, 2015). The Court also finds that the number of hours that were logged by Plaintiff's counsel and her paralegal appears reasonable under the circumstances. *See*, *e.g.*, *Time Warner Cable of N.Y. City v. Sanchez*, No. 02-CV-5855, 2003 WL 21744089 (S.D. N. Y. Jul. 8, 2003)(recovery of filing fee and attorneys' fees of $2,477.50 reasonable where Plaintiff obtained default judgment for $6,000.00). The hours and hourly rates sought by Plaintiff's counsel and her paralegal have not been challenged in any way by the Defendants. Accordingly, it will be recommended that Plaintiff's request be granted and that it be awarded the fees and costs prayed for.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's request be granted and that it be awarded attorney's fees in the amount of $2,250.00 (9.0 hours @ $250.00/hour), paralegal fees in the amount of $330.00 (3.3 hours @ $100.00/hour), and court costs in the amount of $520.00 ($400.00 + $120.00), for a grand total of $3,100.00.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this  28th  day of             November            , 2017.

                                                MICHAEL B. NORTH
                                       UNITED STATES MAGISTRATE JUDGE